IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:08cr111WJG-RHW

LAWRENCE WHATLEY

O R D E R

THIS CAUSE comes before the Court on the motion [20] of the Petitioner, Lawrence Whatley, for clarification of the correct count of Specific Offense Characteristic increases under the United States Sentencing Guidelines [USSG]. Also pending before the Court is the motion [23] filed by Whatley's attorney of record, Dustin N. Thomas, to withdraw from representation in this case. Whatley pleaded guilty to a one-count Bill of Information, alleging a violation of 18, U.S.C. § 2252 (a)(4)(B), on October 14, 2008. He was sentenced to 37 months of imprisonment on February 2, 2009, and the Judgment in this case was entered on February 4, 2009. (Ct. R., Doc. 13,14.) On May 21, 2010, Whatley filed the instant motion before the Court.

I.      Waiver

Whatley's plea agreement with the United States stipulated that Whatley agreed to waive his right to "appeal the conviction and sentence imposed in this case, or the manner in which the sentence was imposed" and his right "to contest the conviction and sentence or the manner in which the sentence was imposed." (Ct. R., Doc. 9, p. 5.) The Fifth Circuit has consistently held that "a defendant's waiver of his right to appeal must be informed and voluntary. A defendant

must know that he had a 'right to appeal his sentence and that he was giving up that right.'" *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Whatley has not challenged the voluntary or intelligent nature of his plea, nor has he disputed the validity of his plea agreement with the United States. There is no evidence in the record suggesting that Whatley's plea and/or plea agreement were invalid. The Court, therefore, finds that Whatley's waiver of all rights to appeal or contest his conviction was proper, and his petition should be dismissed on these grounds. The Court will, in an abundance of caution, address the merits of Whatley's petition.

II.     Calculation of Federal Sentencing Guidelines

Whatley alleges in his petition that the plea agreement between himself and the United States was not altered to reflect the removal of a particular video from the evidence used in calculating his offense level. He asserts that the removal of this video would reduce his offense level two points, from 21 to 19, and would result in a guideline sentence range of 30 to 37 months as opposed to the range of 37 to 46 months that was calculated in his sentencing. Whatley requests that this clarification be made, and that the Court reaffirm his sentence or resentence him after reducing his offense level to 19.

The Court, in sentencing Whatley, adopted the presentence investigation report [PSR], including a supplemental addendum, without change. The United States' response to Whatley's motion provides that the video in question is not mentioned in the plea agreement, and that there was no proof of record that Whatley had viewed the subject video. (Ct. R., Doc. 22.) In the February 2, 2009, Supplemental Addendum to the PSR, the United States Probation Officer altered the original report to reflect that the information regarding the alleged video was used

only to obtain a search warrant, and not actually viewed by Whatley. (*Id*., p. 2; Ct. R., Doc. 15-2.) The Addendum notes, however, that with the removal of the video, the offense conduct reflects at least 10 images, but less than 150 images, which still warrants the two offense level increase, pursuant to USSG § 2G2.2(b)(7). (*Id*.) Whatley further admitted that he viewed sites containing images of prepubescent minors, which also causes the two offense level increase to become applicable. (Ct. R. 15, pp. 6–7.) The Court finds, therefore, that the record does not support the merits of Whatley's request.

III. Motion to Withdraw

Thomas filed a motion to withdraw as counsel for Whatley, indicating that there are adequate reasons for his withdraw from the case, although he does not specify the reasons. (Ct. R., Doc. 23.) Thomas further states that he will cooperate in sending the file to an attorney of Whatley's choice once the name and address of that attorney is provided. (*Id*.) The Court finds that the motion is well taken and should be granted. It is, therefore,

ORDERED AND ADJUDGED that Whatley's petition [20] for clarification of the correct offense level calculation be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that Dustin N. Thomas' motion to withdraw [23] be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that this case be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 4th day of August, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE